# In the United States Court of Federal Claims

No. 22-426C
(Filed: April 20, 2023)
**FOR PUBLICATION**

```
***************************************
EVELYN M. RODRIGUEZ THOMAS,       *
                                  *
            Plaintiff,            *
                                  *
v.                                *
                                  *
THE UNITED STATES,                *
                                  *
            Defendant.            *
                                  *
***************************************
```

*William E. Cassara*, William E. Cassara, P.C., Evans, GA, for Plaintiff.

*Brittney M. Welch*, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Defendant, United States. With her on briefs were *Brian M. Boynton*, Principal Deputy Assistant Attorney General, *Patricia M. McCarthy*, Director, *William J. Grimaldi*, Assistant Director, as well as *Andrea M. Downing*, General Attorney, Office of General Counsel, General Law Division, U.S. Department of Health and Human Services.

## OPINION AND ORDER

Plaintiff Evelyn M. Rodriguez Thomas challenges the calculation of her retired pay as a former member of the United States Public Health Service Commissioned Corps (the "Commissioned Corps"). The government denies that Plaintiff's retired pay was calculated in error. The parties' cross-motions for judgment on the administrative record are fully briefed.[1] Plaintiff's motion is **DENIED** and the government's motion is **GRANTED**.

## BACKGROUND

Plaintiff served with the Commissioned Corps as a commissioned officer for sixteen years, five months, and seven days. Administrative Record at 43 (ECF 12) ("A.R."). She retired in September 2020. A.R. at 50. Before joining the Commissioned Corps, she had worked for three and a half years in the civil service at the National Institutes of Health, a different component of the United States Public Health

---

[1] *See* Def.'s Mot. for J. on the Admin. R. (ECF 13) ("Def.'s Mot."); Pl.'s Cross-Mot. & Resp. for J. on the Admin. R. (ECF 19) ("Pl.'s Cross-Mot."); Def.'s Resp. & Reply (ECF 20) ("Def.'s R&R").

Service. *Id.* at 34, 40, 43. She also completed four years of medical school and a one-year internship before joining the National Institutes of Health. *Id.* at 43.

When she retired from the Commissioned Corps, Plaintiff became eligible for retired pay. The amount of her retired pay depends on a statutory formula based on her years of service. *See* 42 U.S.C. § 212(a)(4). Initially, the government credited Plaintiff with (1) three and a half years for civil service, (2) sixteen and a half years for service as a commissioned officer, and (3) one and a half years for her education. A.R. at 13, 52. That yielded a total of twenty-one and a half years. *Id.* at 13, 52. Plaintiff disputed the government's calculation before the Board for Correction of Public Health Service Commissioned Corps Records ("the Board"), arguing that she was entitled to five years of credit for her education. *Id.* at 10.

The Board determined that the government had used the wrong method to calculate Plaintiff's years of service, but had reached the correct figure. According to the Board, Plaintiff should have been credited for all her time as a commissioned officer, plus the full five years of her education. *Id.* at 52, 37. But the Board also ruled that Plaintiff should not have been credited for her work with the civil service. *Id.* at 52, 37. The government's errors thus cancelled out: Plaintiff should have received an extra three and a half years of credit for education, but should not have received three and a half years of credit for civil service. *Id.* at 52, 37. The Board thus concluded that Plaintiff was not entitled to relief. *Id.* at 52, 69–71.

Plaintiff sued in this Court, again arguing that she is entitled to credit for civil service time, education, and time in uniformed service.

## **DISCUSSION**

### I. Jurisdiction

The United States Court of Federal Claims has jurisdiction under the Tucker Act to adjudicate "any claim against the United States founded … upon … any Act of Congress or any regulation of an executive department … in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Because the Tucker Act is "a jurisdictional statute [that] does not create any substantive right enforceable against the United States for money damages," *United States v. Testan*, 424 U.S. 392, 398 (1976) (citing *Eastport S.S. Corp. v. United States*, 178 Ct. Cl. 599, 605–07 (1967)), parties asserting Tucker Act jurisdiction must "identify a substantive right for money damages against the United States, separate from the Tucker Act itself." *Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004). That requires a "money-mandating" source of law, *i.e.*, a statute or regulation that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained and is reasonably amenable to the reading that it mandates a right of recovery in damages." *Jan's Helicopter Serv., Inc.*

*v. F.A.A.*, 525 F.3d 1299, 1307 (Fed. Cir. 2008) (quotes and citations omitted) (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983), and *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473 (2003)).

Plaintiff's claims arise under 42 U.S.C. § 212. That act is money-mandating because it entitles commissioned officers to retirement pay based on a mandatory calculation method. *Fisher v. United States*, 402 F.3d 1167, 1174–75 (Fed. Cir. 2005) (holding statute money-mandating if government "has no discretion whether to pay out retirement funds").

Plaintiff's claims are also timely. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 132 (2008) (explaining that "the special statute of limitations governing the Court of Federal Claims requires" that timeliness be considered a jurisdictional question, calling for "*sua sponte* consideration"). Plaintiff had six years after her claim accrued in which to file suit in this Court. 28 U.S.C. § 2501 ("Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."). A claim "accrues as soon as all events have occurred that are necessary to enable the plaintiff to bring suit, *i.e.*, when all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue here for his money." *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (internal quotes omitted). Plaintiff retired in September 2020 and the Board denied her request for relief in July 2021. Both dates are well within the six-year statute of limitations.

## II. Merits

Plaintiff bears the burden of showing that the Board's decision was arbitrary, capricious, unsupported by substantial evidence, or contrary to applicable statutes and regulations. *Roth v. United States*, 378 F.3d 1371, 1381 (Fed. Cir. 2004); *Koretsky v. United States*, 57 Fed. Cl. 154, 158 (2003); *Porter v. United States*, 163 F.3d 1304, 1312 (Fed. Cir. 1998). She argues that under 42 U.S.C. § 212, she is entitled to credit for her time in the Commissioned Corps, plus credit for *both* her education and her time in civil service. Pl.'s R&R at 6. The facts of this case are undisputed, and the error Plaintiff alleges is purely legal. Her interpretation is contrary to the plain language of the statute.

When calculating service credit for Commissioned Corps officers' retired pay, the government is required to use one of two calculations: the "general" method or the "alternate" method. *See* 42 U.S.C. § 212(a)(4)(A), (B); *see also* A.R. 52. The government must use whichever method results in the highest service credit, and therefore the highest retired pay. 42 U.S.C. § 212(a)(4)(B).

Under the general method, an officer gets credit for "each year of active service." *See* 42 U.S.C. § 212(a)(4)(A). "Active service" is defined by 42 U.S.C. § 212(d) (in relevant part) as "(1) all active service in any of the uniformed services," and "(2) active service with the Public Health Service, other than as a commissioned officer[.]" The Commissioned Corps is a uniformed service. 10 U.S.C. § 101(a)(5)(C). But the general method does not permit credit for education, which is not within the definition of "active service." *See* A.R. 52. Under the general method, Plaintiff thus would have been entitled to credit for (1) her time in the Commissioned Corps (sixteen and a half years), plus (2) her time in the Public Health Service when she was not a commissioned officer (three and a half years) — a total of twenty years.

Under the alternate method, the government must credit (as relevant here) (1) all "years of active service (determined without regard to subsection (d)) as a member of a uniformed service," plus (2) four years for medical school and one year for a medical internship less any time when active service and medical education overlap. *See* 42 U.S.C. § 212(a)(4)(B); *see also* A.R. 52. Requiring that years of active service be determined "without regard to subsection (d)" excludes non-uniformed Public Health Service employment from the calculation. *See* 42 U.S.C. § 212(d)(2); *see also* 10 U.S.C. § 101(a)(5)(C) (defining "uniformed service" to include the Commissioned Corps but not other components of the Public Health Service). The alternate method would thus credit Plaintiff with five years of education plus her sixteen and a half "years of active service … as a member of the uniformed service," resulting in twenty-one and a half years of service — the figure the Board reached. A.R. 52.

Although Plaintiff argues that non-uniformed active service should be counted under the alternate method, Pl.'s R&R at 6, the language of the statute is plain. Commissioned Corps officers receive credit for their time as an employee "other than as a commissioned officer" without credit for education, 42 U.S.C. §§ 212(a)(4)(A), 212(d), or they can receive credit for their education but not their time outside a "uniformed service," 42 U.S.C. §§ 212(a)(4)(B). Plaintiff, a uniformed officer for sixteen and a half years, receives credit for either three and a half years of civil service time or five years of education.

I therefore conclude that the Board did not err in calculating Plaintiff's retirement by giving her credit for her education but not her time in civil service.

## **CONCLUSION**

Plaintiff's motion is **DENIED** and Defendant's motion is **GRANTED**. The case is **DISMISSED**.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Stephen S. Schwartz<br>
STEPHEN S. SCHWARTZ<br>
Judge